UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 22-50-DLB

GINA YOUNG                                                                                          PLAINTIFF

v.                                    **MEMORANDUM OPINION & ORDER**

**KILOLO KIJAKAZI**, Acting Commissioner
of Social Security                                                                                  DEFENDANT

\* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*

Plaintiff Gina Young brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying Plaintiff's eligibility for Disability Insurance Benefits under Title II of the Social Security Act. (Doc. # 1). The Court, having reviewed the record and the parties' dispositive motions, will **deny** Plaintiff's Motion for Summary Judgment (Doc. # 23), **grant** Defendant's Motion for Summary Judgment (Doc. # 27), and **affirm** the Commissioner's decision.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Young applied for Disability Insurance Benefits ("DIB") on March 4, 2020. (Tr. at 161). She alleged her disability began on July 12, 2012, and that she is still disabled. (*Id.*). Her past relevant work consists of employment as a bakery worker and warehouse worker. (Tr. at 46). Young was last insured on March 31, 2018. (Tr. at 13). Young's alleged disability arises from a workplace injury in 2011. (Tr. at 588). She complains of pain in her neck and inability to move it. (Tr. at 37). She testified that she

1

is unable to stand or sit for more than "15, 20, 30 minutes at a time, possibly, and even then [she has] to change positions" such as laying down to take the pressure off her neck. (*Id.*).  Imaging studies show significant degenerative changes in her neck.  (Tr. at 321).

The Social Security Administration ("SSA") denied Young's initial application on May 2, 2020 (Tr. at 77-80), and on Reconsideration on July 28, 2020.  (Tr. at 89-91). Young requested a hearing, which was held on January 19, 2021 by telephone before an Administrative Law Judge ("ALJ").  (Tr. at 137-141).  The ALJ issued a Decision on December 17, 2021, denying Young's claim.  (Tr. at 7-19).  On February 16, 2022, Young filed the instant action.  (Doc. # 1).  Young and the Commissioner of Social Security filed Cross-Motions for Summary Judgment, which are now ripe for review.  (Docs. # 25 and 27).

## II.   DISCUSSION

### A.   Standard of Review

Young seeks judicial review of the Commissioner's decision under 42 U.S.C. § 405(g).  The Court's review is "limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards."  *Cutlip v. Sec'y of Health & Hum. Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted).   This is "more than a scintilla of evidence" but less than a preponderance of evidence.  *Cutlip*, 25 F.3d at 286.

To determine whether substantial evidence was considered, the Court must examine the administrative record as a whole.  *Id.*  (citations omitted).  If this Court finds

2

the ALJ's decision is supported by substantial evidence, it must affirm the decision even if it would decide the case differently or if the evidence supports the opposite conclusion. *Id.*

   B.   **Analysis**

The ALJ conducts a five-step analysis to determine if a claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(4). In this analysis, the ALJ considers all evidence in the claimant's case record. *Id.* at (3). At Step 1, the ALJ considers whether the claimant is doing substantial gainful activity. *Id.* at (4)(i). At Step 2, the ALJ considers the medical severity of the claimant's disability. *Id.* at (4)(ii). At Step 3, the ALJ again considers the medical severity of the claimant's disability, this time considering whether the impairments meet or equal one listed in Appendix 1 of Subpart P. *Id.* at (4)(iii). At Step 4, the ALJ will consider the claimant's residual functional capacity ("RFC") and past relevant work. *Id.* at (4)(iv). Finally, at Step 5, the ALJ will consider whether the claimant can adjust to other work considering his or her residual functional capacity, age, education, and work experience. *Id.* at (4)(v). If at any step the ALJ determines that the claimant is not disabled, the analysis ends there. *Richardson v. Saul*, 511 F. Supp. 3d 791, 797 (E.D. Ky. 2021) (citing § 404.1520(a)(4)).

To determine a claimant's RFC at Step 4, the ALJ will consider "all the relevant medical and other evidence in [the] case record." § 404.1520(e). The ALJ in this case considered all relevant medical evidence and concluded that Young had the RFC to perform "medium work." (Tr. at 14). Young raises two arguments on appeal. (Doc. # 23-1). First, she argues that the ALJ's assessment of the medical evidence is not an accurate summary. Second, she argues the ALJ's analysis of the opinion evidence in the record

3

is inconsistent with the evidence. Both arguments fail. The Court will discuss each in turn.

### *1.     The ALJ Properly Assessed the Opinion Evidence*

Young argues that the ALJ conducted an unreliable or inaccurate summary of the medical evidence in its analysis of Young's residual functional capacity ("RFC") at Step 4. (*See* Doc. 23-1 at 12). She further argues that "[t]he ALJ mischaracterized a significant [portion of her medical] history recorded by treating physicians responding to severe complaints of cervical pain and degeneration over a multi-year period." (*Id.*).

Young relies on *Howard v. Commissioner of Social Security* to argue that the ALJ's decision should be remanded because of the mischaracterizations. (*See* Doc. # 23 at 14-15) (citing 276 F.3d 235 (6th Cir. 2002)). However, *Howard* does not apply here. In *Howard*, the court held that the ALJ had not considered substantial evidence because of its selective inclusion of portions of the intake report that cast the claimant in a more capable light. *Howard*, 276 F.3d at 240. However, the Sixth Circuit has held that as long as the ALJ included all the relevant opinions in its assessment, *Howard* is not applicable. *See DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 727 (6th Cir. 2014). Here, the ALJ did just that—she considered all the medical evidence in the record from 2011 to 2018. (Tr. at 15-16). Young points to specific findings by Dr. Perry, but the ALJ properly considered this evidence. Though the ALJ did not mention Dr. Perry by name, the ALJ's inclusion of the records produced by Dr. Perry in her analysis is sufficient. *See DeLong*, 748 F.3d at 727; (*see also* Tr. 15) (citing Dr. Perry's report at Exhibit No. 2F).

Young argues that "[t]he ALJ's methodology of looking at Dr. Perry's opinions is problematic." (Doc. # 23-1 at 13). However, this argument misunderstands the standard

4

of review for this Court. Even if this Court were to disagree with the conclusion of the ALJ, as long as the ALJ considered substantial evidence in the record in reaching its determination, this Court must affirm her decision. See *Cutlip*, 25 F.3d at 286. Additionally, an argument that the ALJ "cherry pick[ed]" facts within the record generally will not be accepted because it asks the Court to re-weigh the record evidence. *DeLong*, 748 F.3d at 726. The "'substantial evidence' standard . . . does not permit the court to resolve conflicts in evidence." *Id*. (citing *Ulman v. Comm'r of Soc. Sec.,* 693 F.3d 709, 713 (6th Cir. 2012)). Young does not argue that the ALJ omitted evidence or reports—but instead that her conclusions based on the evidence were incorrect. (Doc. # 23-1 at 12). This argument is unavailing under the applicable standard of review.

### 2. The ALJ's Analysis of the Opinion Evidence is Consistent with Record Evidence

Young also argues that the ALJ improperly elevated the opinions of State Agency Doctors, Douglas Back and Aletia Farmer, and that the ALJ should have given more weight to the evidence from Dr. Lester and Dr. Owen. (*See* Doc. # 23-1 at 15-16). However, the decision of the ALJ regarding the persuasiveness of reports by Dr. Lester and Dr. Owen will be given deference by this Court if the ALJ considered substantial evidence in its review of supportability and consistency. See *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001).

The Court finds that the ALJ considered substantial evidence in her review of the medical opinions. Under § 404.1520c, the ALJ must include in its determination how persuasive he or she finds all the medical opinions. The most important factors for the ALJ to consider in determining persuasiveness of medical opinions are supportability and consistency. § 404.1520c(b)(2). The ALJ may, but is not required to, explain the

5

remaining factors.  *Id.*  Supportability refers to how relevant the objective medical evidence is to support the medical opinions presented.  *Id.* at (c)(1).  Consistency refers to how consistent a medical opinion is with the evidence from other medical sources and nonmedical sources.  *Id.* at (c)(2).  The ALJ is "not required to articulate how [it] considered each medical opinion or prior administrative medical finding from one medical source individually."  *Id.* at (b)(1).  However, the ALJ must articulate in its decision how persuasive he or she finds the medical opinions based on these factors.  *Id.*

The ALJ here assessed the supportability and consistency of each medical opinion, including those of Dr. Lester and Dr. Owen.  The ALJ considered the consistency of Dr. Lester's conclusions against his own findings and those of other sources. For example, the ALJ considered Young's "stable" spinal changes achieved through primary care and Dr. Lester's own documentation of Young's ability to use her upper extremities and to handle objects without problems against his conclusion that she could perform "a limited range of hybrid sedentary-light work".  (Tr. at 17).  Based on this assessment, the ALJ found Dr. Lester's report to be unpersuasive.  (*Id.*).

The ALJ also sufficiently reviewed the persuasiveness of Dr. Owen's report.  First, the ALJ found the findings to be "of attenuated relevance" because the medical exam was performed six months after the date last insured ("DLI").  (*Id.*).  Second, the ALJ found the report to be inconsistent with Dr. Owen's observations the Young's "strength, sensation, [and] coordination all appear to be intact."  (*Id.*)  The ALJ also found this report inconsistent with findings of other exams, the neurological consult, and Young's primary care reports.  (*Id.*).  As such, the ALJ considered substantial evidence in her assessment of these medical opinions.  Upon review, this Court is not permitted to reweigh the

6

evidence and medical opinions at this procedural juncture. Therefore, Young's argument is misplaced.

### III. CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1) The decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**;

(2) Plaintiff's Motion for Summary Judgment (Doc. # 23) is hereby **DENIED**;

(3) Defendant's Motion for Summary Judgment (Doc. # 27) is hereby **GRANTED**;

(4) This civil action is hereby **DISMISSED** and **STRICKEN** from the Court's active docket; and

(5) A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

This 20th day September, 2023.



Signed By:
*David L. Bunning*
**United States District Judge**

K:\DATA\SocialSecurity\MOOs\London\22-50 Young MOO.docx